[Ellerbe, Adm'r, v. Troy, Adm'r.]

# Ellerbe, Adm'r, *v.* Troy, Adm'r.

### Action on Promissory Note.

1. *Plea in abatement; what demurrable.*—An unverified plea in abatement of plaintiff's action, averring a judgment in favor of defendant, in the same court, upon the same cause of action, between the same parties, and the pendency of the cause in the Supreme Court undetermined, on appeal of plaintiff in that suit, at the time the action was commenced ; and showing that the former suit was between plaintiff's guardian for her use and defendant, is demurrable, because of inconsistency and want of a verification.

2. *Plea ; what demurrable.*—It is no answer to a suit brought by the intestate, and prosecuted afterwards by her administrator, to recover the amount due on a promissory note which had matured, and the interest on which was payable annually—that the intestate was entitled only to a life estate therein, and to the interest accruing thereon during her life ; such plea admits a right of action in plaintiff when the suit was brought, and a right to recover interest ; and as the note was past due, she could not split her cause of action for interest, and was entitled to recover both principal and interest.

APPEAL from Circuit Court of Dallas.

Tried before Hon. GEO. H. CRAIG.

Frances Hunter, appellant's intestate, brought this action on the 11th day of April, 1871, against Catherine B. Ellerbe, as administratrix of A. W. Ellerbe, to recover the amount due upon a promissory note made by him and others on the 9th day of June, 1856, "payable three years after date, to executors of William Hunter, deceased, with interest payable annually on the 1st day of January," which note was averred to be the property of plaintiff.

The defendant pleaded, that "at the Spring term, 1867, of the Circuit Court, prior to the commencement of this suit, said Frances Hunter, by her guardian, Daniel S. Troy, who sued for the use of said Frances Hunter, impleaded said defendant as administrator aforesaid, upon the very same identical promises and undertakings in said complaint in this present suit mentioned, as by the record of proceedings thereof remaining in this honorable court, more fully appears. And said administratrix as aforesaid, further saith that the parties in this suit and said former suit, are the same, and not other and different persons, and that the said former suit so brought and prosecuted against this defendant as administratrix as aforesaid, by the said Daniel S. Troy, as guardian of the said Frances Hunter, for the use of said Frances Hunter, was, at the Fall term, 1870, of this honorable court, tried and adjudicated, and a judgment was

then and there rendered therein by this court, in favor of defendant against the said plaintiff, who thereupon appealed from said judgment of this court to the Supreme Court of Alabama, and suit was at the time said summons and complaint in this suit were sued out, still depending, undetermined on said appeal in said Supreme Court, and this she is ready to verify, wherefore she prays judgment of said summons and complaint and that the same may be quashed."

Afterwards the death of the plaintiff was suggested, suit was revived in the name of the appellee, Troy, as her administrator, and he demurred to the plea on the following grounds: 1st. The plea is not sworn to or verified by any affidavit; 2d. The plea is inconsistent, alleging the parties to the two actions to be the same, yet showing the former suit was brought by Troy, as guardian, for the use of said Frances Hunter; 3d. Because it appears that said former suit was decided in this court before this suit was commenced." The court sustained this demurrer, and the defendant then pleaded seven other pleas, among them the following: 1. "That said Frances Hunter owned but a life estate in the promissory note sued on, and the said sum of money in the complaint mentioned, and that since the commencement of this suit, to-wit: on the —— day of ———, 1873, the said Frances Hunter departed this life, and that upon her death, her right to the said promissory note and said sum of money therein mentioned ceased and determined, and that said D. S. Troy, as administrator as aforesaid, has neither the legal title nor is he the party really interested in the promissory note and said sum of money therein mentioned." One J. L. Evans, the agent of the defendant, made affidavit "that upon advice, information and belief, the matters and things stated in the foregoing plea are true."

This plea was demurred to, because "it admits that said Frances Hunter was owner of the note when this suit was commenced;" because "it appears from the plea that said Frances Hunter was the party really interested in the note when suit was commenced;" because it appears from said plea, that this suit was properly commenced in the name of said Frances Hunter.

The defendant also filed another plea as follows: "6. That said Frances Hunter, at the time of the commencement of this suit, owned and was entitled to a life interest in the promissory note in the complaint mentioned, and was only entitled in her own right to the interest which may accrue thereon during her life time, and that at the time of her death, the debt in said note mentioned, became the property of the

heirs at law of William Hunter, deceased," whom the plea goes on to name.

7th. That the right of said Frances Hunter to recover the principal or corpus of the note sued on, terminated at her death.

These two pleas were verified by J. L. Evans, who made oath that he was agent of the administratrix, and that he is "informed and believes the allegations in the foregoing pleas are true in substance and in fact." These pleas were also demurred to, on the grounds that they showed that said Frances Hunter was the party really interested in the note sued on, when the suit commenced; and that it was properly commenced in her name; and also because the pleas were not properly verified.

The court sustained a demurrer to each of these pleas, and the trial proceeded on issue joined on plea of non-assumpsit and other pleas not necessary to be noticed.

The plaintiff introduced the note, proved that it had been assets of the estate of William Hunter, deceased, but that his estate had been finally settled and distributed before the commencement of the suit, and that plaintiff received the note as part of her distributive share of the estate, under the will of said Hunter, who was her father.

The defendant, after proving that the will was duly admitted to probate, offered in evidence a duly authenticated copy, containing the provisions hereinafter copied, "for the purpose of showing that said Frances Hunter had but a life estate in the promissory note, and upon her death her rights ceased. The clause thus relied on, was as follows: "All the rest of my estate, both real and personal, I give and bequeath to my *two* children, to their sole and separate use, free from the debts or contracts of any husband they may hereafter have, on these conditions: The property to be kept together and held in common until one of them becomes of full age or marries. In case of the death of either of my children without children or descendants of children living, the whole of this bequest survives to the other; and if both of them die without children or descendants of children then living, then this property is to go to my heirs at law—they having a life estate with remainder to their children or grand children, and in case of their dying without children or grand children, then remainder to my heirs at law." On objection of the plaintiff, the court refused to allow the will to be read in evidence, and defendant excepted. It was shown that Ann Hunter, sister of said Frances, died without issue before said estate was settled, or distributed, and that said William

Hunter left surviving him other heirs at law, who are still living, but no other children."

Verdict and judgment having been rendered against the defendant, she appealed, and now assigns for error that the court erred in sustaining the demurrer to the pleas, and in rejecting evidence of the provisions of the will of William Hunter.

WILLIAM M. BROOKS, for appellant.

PETTUS, DAWSON & TILLMAN, contra.

MANNING, J.—The first plea demurred to in this cause, set up the pendency of the former action upon appeal, in this court, and was obnoxious to the objections taken to it in the demurrer, of being inconsistent in its averments, and of not being verified, as a plea in abatement, by affidavit. The demurrer was properly sustained.

The cause of action was a promissory note made by appellant's intestate, among others, in June, 1856, payable three years after date, with interest from date payable annually. And the payee having died, it came, upon distribution of his estate, to his daughter, Frances Hunter, who brought this suit and was the original plaintiff therein. Upon her death appellee, Troy, prosecuted the suit as her administrator. The pleas, that his intestate was entitled to only a life estate therein, and to the enjoyment of the interest, merely, upon the principal sum, for her own use, were not an answer to the complaint. They admitted a right of action in Frances or Fanny Hunter, when the suit was brought. She was undoubtedly entitled to the interest for her own use, and could recover it only by a suit upon the note. And as that was long past due, she was entitled to recover the principal sum as well as the interest. The law will not permit the splitting up of a cause of action of this nature, so as to make it a foundation for several actions. And though Frances Hunter in her life time, or her administrator after her death, might be chargeable as trustee of the principal sum, for the benefit of others, this did not constitute a bar to the prosecution of the suit brought by her against a maker of the note. It was pleaded as a bar to the entire action; and we think the court did not err in sustaining the demurrer to these pleas also.

For reasons indicated there was no error in ruling out the evidence offered, of certain provisions in the will of William Hunter, father of said Frances, concerning the disposition to be made of his estate in the event of the happening of certain contingencies specified therein.

Let the judgment of the Circuit Court be affirmed.